**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

PACIANO SANCHEZ,

Petitioner, : Case No. 2:26-cv-01240

- vs -

District Judge James L. Graham
Magistrate Judge Michael R. Merz

WARDEN,
Pickaway Correctional Institution,

:

Respondent.

# REPORT AND RECOMMENDATIONS

This habeas corpus case under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Paciano Sanchez to obtain relief from his convictions for aggravated murder and kidnapping in the Pickaway County Common Pleas Court. The Petition was filed September 23, 2026, by placing it in the prison mailing system at Petitioner's place of incarceration (Petition, ECF No. 3, PageID 59).

Upon filing the case was randomly assigned to District Judge James L. Graham, one of the District Judges resident at the Columbus location of court, and then randomly referred to the undersigned Magistrate Judge under Amended General Order 22-05. The case is before the Court for preliminary review under Rule 4 of the Rules Governing § 2254 Cases.

The face of the Petition raises the question whether relief is barred by the statute of

limitations. 28 U.S.C. § 2244(d) provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence

.

> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

According to the Petition, Sanchez was convicted and sentenced on February 17, 2012 (Petition, ECF No. 3, PageID 38). Sanchez did not timely appeal, so his conviction became final thirty days later on March 19, 2012. The statute of limitations would then have expired March 19, 2013, more than thirteen years before the Petition was filed.

Sanchez pleads that he moved to withdraw his guilty plea on June 21, 2024 (Petition, ECF No. 3, PageID 40). The trial court denied relief, but that denial was affirmed on appeal. *Id.* at

PageID 42. Sanchez attempted a further appeal to the Ohio Supreme Court, but he reports that Court denied appellate review on October 14, 2025. *Id.* at PageID 45. If the statute had begun to run on that date, the Petition would be timely. At question 18 on the standard form for § 2254 petitions, a petitioner is asked "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2244(d) does not bar your petition." Petitioner answered "This Habeas Corpus Petition is being timely filed." *Id.* at PageID 57. However, he offers no explanation.

Under 28 U.S.C. § 2244, a conviction becomes final ninety days after a decision by the Ohio Supreme Court or at an earlier date when a defendant fails to timely appeal. In this case Sanchez's time to appeal expired, as shown above, on March 19, 2012. While a collateral attack on a conviction can toll the statute under § 2244(d)(2), such an attack, including a motion to withdraw a guilty plea, does not restart the statute. An unsuccessful motion for leave to file a delayed appeal tolls the limitations period while it is pending. *Morris v. Forshey*, 2021 U.S. App. LEXIS 5982, *2 (6th Cir. Mar. 1, 2021), citing *Board v. Bradshaw*, 805 F.3d 769, 776 (6th Cir. 2015). Likewise a plea withdrawal motion can toll the statute but not restart the limitations period. *Id.*, citing *Eberle v. Warden, Mansfield Corr. Inst.,* 532 F. App'x 605, 609 (6th Cir. 2013).

A district court may dismiss a habeas petition *sua sponte* on limitations grounds when conducting an initial review under Rule 4 of the Rules Governing § 2254 Cases. *Day v. McDonough*, 547 U.S. 198 (2006)(upholding *sua sponte* raising of defense even after answer which did not raise it); *Scott v. Collins*, 286 F.3d 923 (6th Cir. 2002). However, before doing so it must give the Petitioner notice and an opportunity to respond. *Shelton v. United States*, 800 F.3d 292 (6th Cir. 2015). Petitioner can object to this conclusion by presenting timely objections as

provided in the Notice below.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice as barred by the statute of limitations. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 30, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #